William G. ROELL, Plaintiff—Appellant,

v.

CITY OF BOISE, a Municipal Corporation, Defendant—Appellee.

No. 00–36091.

D.C. No. CV–99–00444–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2002 *.

Decided May 13, 2002.

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

We have previously held that the applicable statute of limitations for § 1983 actions brought in Idaho is governed by Idaho Code § 5–219(4), which provides for a limitations period of two years from the date the cause of action accrues. *Hallstrom v. Garden City*, 991 F.2d 1473, 1476

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(1993). Because Roell brought this claim well after the limitations period had run, his action is time-barred. Neither the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), nor its reconsideration of this issue in *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), provides support for Roell's claim that Idaho's residual catch-all limitations provision applies. "Courts should resort to residual statute of limitations only where state law provides multiple statutes of limitations for personal injury *and* the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions." *Owens*, 488 U.S. at 250 n. 12, 109 S.Ct. 573 (emphasis added). Idaho's catch-all statute does not satisfy this latter requirement.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.